UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICKI VERNISE WILLIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01679-JMS-DML |
| | ) | |
| AMAZON FULFILLMENT, | ) | |
| ARON, | ) | |
| RYAN, | ) | |
| AMANDA WHITNEY, | ) | |
| TIFFANY, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This action arises out of the termination of Plaintiff Vicki Vernise Williford's employment with Amazon Fulfillment ("Amazon"). Ms. Williford, who proceeds *pro se*, initiated this lawsuit on June 4, 2018 against Amazon and several other employees (collectively, the "Individual Defendants"). She alleges that she was discriminated against on the basis of her race and age, and that she was retaliated against for complaining about workplace harassment. Presently pending before the Court is Defendants' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

## I.
## LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing

1

the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Court construes *pro se* complaints liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g., Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013).

## II.
### BACKGROUND

In accordance with the standard described above, the following facts are drawn from the allegations in Ms. Williford's Complaint and are accepted as true for the purpose of deciding Amazon's Motion to Dismiss.

Beginning on September 27, 2017, Ms. Williford was employed as a packer with Amazon and reported to managers Whitney Trujillo and Tiffany Couch.[1] [Filing No. 1 at 2.] On November

---

[1] Although Ms. Williford was not able to identify the last names of the individual Defendants at the time that she filed her Complaint, Amazon states that it was able to identify the individuals referred to by Ms. Williford. Ms. Williford does not dispute that Amazon has identified the correct parties, so the Court refers to them by their last names.

9, 2017, while working on a "line," Ms. Williford was approached by Ms. Trujillo and asked to fix a box. [Filing No. 1 at 3.] When Ms. Williford asked a follow-up question, Ms. Trujillo pushed Ms. Williford out of the way and yelled at her. [Filing No. 1 at 3.] On the following day, Ms. Williford reported that incident to Amanda Berggren in Human Resources. [Filing No. 1 at 3.] Sometime during the following several days, Ms. Williford made a verbal complaint to manager Aaron Butcher that Ms. Trujillo was continuing to harass her. [Filing No. 1 at 3.] Ms. Williford's employment with Amazon was terminated on November 16, 2017. [Filing No. 1 at 3.] On February 6, 2018, Ms. Williford filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation and discrimination on the basis of race. [Filing No. 1-1 at 1.]

On June 4, 2018, Ms. Williford filed the instant Complaint, alleging that Amazon and the Individual Defendants terminated her employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). [Filing No. 1 at 4.] On August 23, 2018 Amazon filed a Motion to Dismiss Ms. Williford's Complaint, [Filing No. 18], which is now fully briefed and ripe for the Court's review.

### III.
#### DISCUSSION

Defendants move to dismiss Ms. Williford's Complaint, arguing that: (1) the five Individual Defendant employees cannot be held liable under Title VII or the ADEA; and (2) Ms. Williford's Complaint fails to state plausible claims for relief against Amazon. [Filing No. 19 at 2.]

**A. Individual Defendants**

In support of their Motion to Dismiss the Individual Defendants, Defendants argue that Ms. Trujillo, Mr. Baker, Mr. Butcher, Ms. Couch, and Ms. Berggren cannot be held liable under

3

Title VII or the ADEA because only employers may be held liable under those statutes. [Filing No. 19 at 4.] Ms. Williford does not address this argument in her response, and as such, she has waived any argument in opposition to Defendants' Motion. While the Court could grant Defendants' Motion on this basis alone, it nonetheless considers the merits of their argument. *See, e.g., Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver."); *see also McMasters v. U.S.,* 260 F.3d 814, 818 (7th Cir. 2001) (a party's *pro se* status does not excuse a failure to respond).

A claim under Title VII or the ADEA may only be brought against an "employer"—a term that does not include supervisors in their individual capacities. *See Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012) (citing *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995)). Therefore, the Individual Defendants named by Ms. Williford cannot be found liable. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Ms. Trujillo, Mr. Baker, Mr. Butcher, Ms. Couch, and Ms. Berggren as Defendants.

### B. Age- and Race-Based Discrimination Claims

Amazon argues that Ms. Williford's age- and race-based discrimination claims do not meet the pleading standards imposed by Rule 8 because Ms. Williford does not identify the decisionmaker that unlawfully discharged her, or the races or ages of most of the individuals she names in her Complaint. [Filing No. 19 at 5-6.] Ms. Williford responds generally that her claims should be permitted to proceed. [Filing No. 22.]

The Court begins by reiterating it construes *pro se* complaints liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Luevano*, 722 F.3d at 1027-28. To state a claim for discrimination under Title VII and the ADEA, a plaintiff must only allege that her employer instituted an adverse employment action against her on the basis of her protected

4

status. *Id.* (stating standard in context of Title VII claims); *see also Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 719-20 (7th Cir. 2018) (applying same standard to ADEA claims). The Supreme Court has concluded, and the Seventh Circuit has repeatedly stressed that employment discrimination claims "are not subject to a heightened pleading standard." *Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002)). A complaint "merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense," *Luevano*, 722 F.3d at 1028, and "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims," *Carlson*, 758 F.3d at 827.

Ms. Williford's Complaint alleges that one of her supervisors yelled at and pushed her, and that she reported this behavior to human resources. [Filing No. 1 at 2-3.] She further alleges that the supervisor continued to "harass" her, that she reported this harassment to human resources, and that a short time later, she was fired. [Filing No. 1 at 2-3.] She alleges that she believes these activities occurred "because of [her] race, (black)" and "because of [her] age, 53." [Filing No. 1 at 4.] She identifies the approximate ages of Ms. Trujillo and Mr. Butcher, and both of whom appear to be younger than 40. [Filing No. 1 at 2.] Amazon argues that these allegations are insufficient to state a claim because they do not include the identity of the discriminatory decisionmaker or the races of any of the individuals involved. [Filing No. 19 at 5-6.]

It is certainly the case that Ms. Williford's Complaint is sparse in details that would connect the dots between her protected status and the adverse employment action that she identifies. But in insisting that Ms. Williford provide such details, Amazon asks the Court to apply the type of heightened pleading standard with which the Seventh Circuit has repeatedly taken issue, particularly as applied to a *pro se* litigant. The pleading standards in Title VII and ADEA "cases

5

are different from the evidentiary burden a plaintiff must subsequently meet" on summary judgment, and the details Amazon seeks are simply not required at the pleading stage. *Luevano*, 722 F.3d at 1028 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) (concluding that plaintiff sufficiently pled violation of Title VII where she alleged salary discrepancy and that "she had been subjected to adverse employment actions by Defendants on account of her gender")). Ms. Williford has put Amazon on notice as to the nature of her claims, and she has alleged that her employer instituted an adverse employment action against her (termination), on the basis of her protected status (age and race). She has met the minimum required to state a claim at the pleading stage.

For these reasons, the Court **DENIES** Amazon's Motion to Dismiss Ms. Williford's Title VII and ADEA discrimination claims.

### C. Retaliation Claim

Amazon argues that it is entitled to dismissal of Ms. Williford's retaliation claim because her Complaint fails to allege that her reports to Amazon's human resources department included any indication that the offending actions involved discriminatory conduct due to Ms. Williford's membership in a protected class. [Filing No. 19 at 7.] Again, Ms. Williford argues generally that her claim should be permitted to proceed. [Filing No. 22.]

"Title VII prohibits discriminating against an employee because [she] has opposed any practice made an unlawful employment practice by Title VII." *Cole v. Bd. of Trustees of N. Illinois Univ.*, 838 F.3d 888, 901 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1614, 197 L. Ed. 2d 708 (2017). To plead a retaliation claim under Title VII and the ADEA, "a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano*, 722 F.3d at 1029. An employee's complaints about workplace

6

treatment are considered statutorily protected activity when they assert that the employer has committed prohibited discrimination. *Cole*, 838 F.3d at 901. In other words, the legal standard "requires more than simply a complaint about some situation at work, no matter how valid the complaint might be." *Id.* "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Id.*

Ms. Williford alleges that she made several reports to Amazon's human resources department about "harassment" that she experienced at the hands of Ms. Trujillo. But Ms. Williford's Complaint does not contain any allegations as to whether she informed Amazon that the "harassment" she experienced was linked to her protected status. Therefore, her Complaint does not plead that she was engaged in statutorily protected activity. *See Cole*, 838 F.3d at 901 ("Nothing in [the plaintiff's] ethics complaint suggested that he was complaining of race discrimination. The grievances he listed had no overt connection to race. He raised allegations of incorrect pay, employees' supervision of their own children, commodity orders under his name, improper use of university supplies, the break-in at his office, the scrap metal incident, and unjustified police surveillance. He did not mention race or race discrimination in his complaint at all.") (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 664 (7th Cir. 2006) (complaint of pay discrimination was not protected activity where employee "did not claim that the discrimination resulted from his national origin or his membership in another protected class"); *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997) (complaints about "management style, in general terms" were not protected activity under Title VII)).

The above-cited cases were resolved on summary judgment, subject to evidentiary thresholds not present at the motion to dismiss stage. But even at this stage, Ms. Williford must

7

plead in some minimal fashion that her activity was protected—that is, that it involved a report that the employer has committed prohibited discrimination. *See, e.g., Parks v. Speedy Title & Appraisal Review Servs.*, 318 F. Supp. 3d 1053, 1066-67 (N.D. Ill. 2018) (dismissing complaint where plaintiff's alleged conversations appeared to concern "compliance with recordkeeping requirements and her need to get a new computer rather than about any type of discrimination").

Accordingly, the Court **GRANTS** Amazon's Motion to Dismiss the retaliation claim, but without prejudice to Ms. Williford amending her Complaint as to this claim.

## IV.
### CONCLUSION

The Court takes seriously the Seventh Circuit's repeated reminders that employment discrimination claims are not subject to a heightened pleading standard, and it also construes *pro se* complaints more liberally than those filed by counseled litigants.

Because the deficiencies in Ms. Williford's claims against the Individual Defendants cannot be cured through further pleading, the Court **GRANTS WITH PREJUDICE** Defendants' Motion to Dismiss Ms. Trujillo, Mr. Baker, Mr. Butcher, Ms. Couch, and Ms. Berggren as Defendants in this action, [18]. The Court directs the Clerk to terminate these Defendants as parties in this action.

The Court **DENIES** Amazon's Motion, [18], as to Ms. Williford's claims of race and age discrimination under Title VII and the ADEA.

The Court **GRANTS WITHOUT PREJUDICE** Amazon's Motion, [18], as to Ms. Williford's retaliation claim. Should Ms. Williford wish to pursue that claim, she must file an amended complaint within thirty (30) days of the issuance of this Order. Ms. Williford may only amend the portion of her Complaint pertaining to her retaliation claim. Should Ms. Williford choose not to file an amended complaint, the Court will dismiss with prejudice Ms. Williford's

8

retaliation claim, and her lawsuit will proceed including only the claims alleging discrimination under Title VII and the ADEA.

No partial final judgment will issue at this time.

Date: 11/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

VICKI VERNISE WILLIFORD
604 East 38th Street
Indianapolis, IN 46205

Thomas F. Hurka
MORGAN LEWIS & BOCKIUS
thomas.hurka@morganlewis.com

Bernard K. Schott
MORGAN LEWIS & BOCKIUS LLP
bernard.schott@morganlewis.com